UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF KENTUCKY
PADUCAH DIVISION
CRIMINAL ACTION NO. 5:19-CR-1-TBR

UNITED STATES OF AMERICA,                                                                    PLAINTIFF

v.

MITCHELL M. OVERBY                                                                           DEFENDANT

## MEMORANDUM OPINION AND ORDER

This matter comes before the Court upon Defendant Mitchell Morris Overby's ("Overby") Motion for Compassionate Release. [DN 47]. The government has filed a response [DN 49] and Mr. Overby has replied. [DN 53]. Mr. Overby argues that there are extraordinary and compelling circumstances that warrant a reduction in his sentence to home confinement based on his current medical condition and the coronavirus. The Sentencing Commission provides that "extraordinary and compelling" reasons may exist due to one's medical condition. Mr. Overby also argues that he has been infected with the coronavirus. These matters are ripe for adjudication. For the reasons stated herein, Mr. Overby's Motion for Compassionate Release, [DN 47], is DENIED.

### Legal Standard

"The court may not modify a term of imprisonment once it has been imposed except that-

  (1) in any case—

    (A) the court, upon motion of the Director of the Bureau of Prisons, or upon motion of the defendant after the defendant has fully exhausted all administrative rights to appeal a failure of the Bureau of Prisons to bring a motion on the defendant's behalf or the lapse of 30 days from the receipt of such a request by the warden of the defendant's facility, whichever is earlier may reduce the term of imprisonment (and may impose a term of probation or supervised release with or without

>conditions that does not exceed the unserved portion of the original term of imprisonment), after considering the factors set forth in section 3553(a) to the extent that they are applicable, if it finds that—
>
>>(i) extraordinary and compelling reasons warrant such a reduction"

18 U.S.C.A. § 3582(c)(1)(A). "Under the [First Step Act], courts are now permitted to 'consider motions by defendants for compassionate release without a motion' by the BOP Director so long as the defendant has asked the Director to bring such a motion and the Director fails to or refuses." *United States v. Logan*, 2020 WL 730879, at *1 (W.D. Ky. Feb. 13, 2020).

When determining whether to grant compassionate release, courts must analyze the following factors: (1) whether extraordinary and compelling reasons warrant such a reduction; (2) the applicable policy statements issued by the Sentencing Commission; and (3) the factors set forth in 18 U.S.C. § 3553(a). *United States v. Marshall*, No. 3:16-cr-00004-JHM, 2020 WL 114437, *1 (W.D. Ky. Jan 9, 2020) (citing 18 U.S.C. § 3582(c)(1)(A)).

First, the Court must determine whether extraordinary and compelling reasons justify a sentence reduction. Congress has not defined what constitutes an "extraordinary and compelling" reason; however, it has charged the Sentencing Commission with "describing what should be considered extraordinary and compelling reasons for sentence reductions, including the criteria to be applied and a list of specific examples." *United States v. Webster*, No. 3:91CR138 (DJN), 2020 WL 618828, at *4 (E.D. Va. Feb. 10, 2020) (quoting 29 U.S.C. §994(t)). The Sentencing Commission commentary provides that extraordinary and compelling reasons may exist due to the defendant's medical condition:

(A) Medical Condition of the Defendant.

>(i) The defendant is suffering from a terminal illness (i.e., a serious and advanced illness with an end of life trajectory). A specific prognosis of life expectancy (i.e., a probability

of death within a specific time period) is not required. Examples include metastatic solid-tumor cancer, amyotrophic lateral sclerosis (ALS), end-stage organ disease, and advanced dementia.

(ii) The defendant is-

(I) suffering from a serious physical or medical condition,

(II) suffering from a serious functional or cognitive impairment, or

(III) experiencing deteriorating physical or mental health because of the aging process, that substantially diminishes the ability of the defendant to provide self-care within the environment of a correctional facility and from which he or she is not expected to recover.

(B) Age of the Defendant. The defendant (i) is at least 65 years old; (ii) is experiencing a serious deterioration in physical or mental health because of the aging process; and (iii) has served at least 10 years or 75 percent of his or her term of imprisonment, whichever is less.

(C) Family Circumstances.

(i) The death or incapacitation of the caregiver of the defendant's minor child or minor children.

(ii) The incapacitation of the defendant's spouse or registered partner when the defendant would be the only available caregiver for the spouse or registered partner.

(D) Other Reasons. As determined by the Director of the Bureau of Prisons, there exists in the   defendant's case an extraordinary and compelling reason other than, or in combination with, the reasons described in subdivisions (A) through (C).

U.S.S.G. 1B1.13.

## I. Discussion

**A. Exhaustion of Administrative Remedies**

"Federal law has long authorized courts to reduce the sentences of federal prisoners facing extraordinary health conditions and other serious hardships, but only under very limited circumstances." *United States v. Beck*, --- F.Supp.3d. ----, No. 1:13-CR-186-6, 2019 WL 2716505, at *4 (M.D.N.C. June 28, 2019). Under the First Step Act, courts are now permitted to "consider motions by defendants for compassionate release without a motion" by the BOP Director "so long as the defendant has asked the Director to bring such a motion and the Director fails to or refuses."

*United States v. Marshall*, No. 3:19-CR-00004-JHM, 2020 WL 114437, at *1 (W.D. Ky. Jan. 9, 2020).

On April 23, 2020, the Warden denied Mr. Overby's request for compassionate release related to his medical status and ruled that it did not merit further consideration. [DN 47, Exhibit 2 at 5–6.] Thus, Mr. Overby has properly exhausted his administrative remedies under the First Step Act.

**B. Extraordinary and Compelling Reasons**

In support of his motion, Mr. Overby argues the presence of COVID-19 at the Federal Medical Center in Lexington, Kentucky and his medical condition related to his heart transplant are extraordinary and compelling reasons for his release. The government argues that "Overby has not contracted coronavirus, and his medical condition is stable, with professionals tending to his medical needs." [DN 49 at 5.]

In addition to reviewing the briefs of the parties, the Court requested the United States Probation Office to reach out to FMC Lexington and gather more information. Probation was told that typically if an inmate gets COVID-19 and has symptoms the facility cannot effectively manage; they transfer the inmate to UK Medical Hospital for care. That is what occurred in this case.

Overby was transferred to FMC Lexington due to his cardiac condition on March 16, 2020. On May 8, 2020 he tested positive for COVID-19. [DN 47, Exhibit 2 at 9.] It was recommended that he be transferred to UK Medical Center for close monitoring due to his high-risk status. [*Id.*]

Probation was informed that he was deemed recovered on May 26, 2020. As noted, he was placed in a Recovery Housing Unit at FMC Lexington and is no longer at UK Medical Center. Probation was informed that he is currently housed in a unit with zero COVID-19 cases.

United States Probation further noted it had confirmed that Mr. Overby was placed at FMC Lexington because the facility is equipped to meet his level three care needs. Mr. Overby's case manager advised Probation that he has no disciplinary infractions while at FMC Lexington.

Mr. Overby claims extraordinary and compelling reasons for a sentence reduction. However, a sentence reduction must be consistent with the Sentencing Commission policy which focuses on community safety. *United States v. Willis*, 382 F.Supp.3d 1185, 1188 (D.N.M. 2019). The Court is troubled by the fact that Mr. Overby could be a danger to the safety of other persons in the community. The Sentencing Guidelines state that compassionate release is appropriate only where the "defendant is not a danger to the safety of any other person or to the community." U.S.S.G. § 1B1.13(2). "Relevant factors include the nature of the offense, the history and characteristics of the defendant, and the nature of the danger." *Willis*, 382 F.Supp.3d at 1188. Here, Mr. Overby's criminal history includes attempted transfer of obscene material to a minor and possession of child pornography. The "nature and circumstances" of Mr. Overby's crimes weigh against relief. 18 U.S.C §3553(a)(1). In addition to the danger Mr. Overby poses to children online, he admitted to specifically targeting a local victim. There is no evidence of rehabilitation to date. Probation has confirmed that currently at FMC Lexington Mr. Overby is not receiving offender treatment. Apparently, there is no treatment available for sex offenders at the facility.

Further, the Court must weigh the sentencing factors in 18 U.S.C. § 3553(a) to determine whether Mr. Overby's sentence should be reduced. *Willis*, 382 F.Supp.3d at 1188. Pursuant to § 3553(a), a court imposing a sentence shall consider:

> (1) the nature and circumstances of the offense and the history and characteristics of the defendant;
>
> (2) the need for the sentence imposed--
>
>> (A) to reflect the seriousness of the offense, to promote respect for the law, and to provide just punishment for the offense;
>>
>> (B) to afford adequate deterrence to criminal conduct;
>>
>> (C) to protect the public from further crimes of the defendant; and
>>
>> (D) to provide the defendant with needed educational or vocational training, medical care, or other correctional treatment in the most effective manner;
>
> (3) the kinds of sentences available;
>
> (4) the kinds of sentence and the sentencing range established for [the applicable offense category as set forth in the guidelines];
>
> (5) any pertinent policy statement . . . by the Sentencing Commission;
>
> (6) the need to avoid unwarranted sentence disparities among defendants with similar records who have been found guilty of similar conduct; and
>
> (7) the need to provide restitution to any victims of the offense.

18 U.S.C. § 3553(a).

Here, the first two factors weigh heavily against compassionate release. Mr. Overby was sentenced to 80 months in prison for possessing child pornography and attempting to transfer obscene material to a child. Mr. Overby has only served approximately ten (10) months of his sentence; and as previously noted, he admitted to specifically targeting a local victim, and he has not presented evidence of rehabilitation to date. The Court finds that reducing Mr. Overby's sentence would minimize the nature and seriousness of the offense and would fail to afford adequate deterrence to criminal conduct. Moreover, the Court believes that the current 80-month sentence is necessary to protect the public and granting a sentence reduction would be unjust in light of the danger Mr. Overby poses to the safety of others in the community and to children online.

As an aside, it appears that Mr. Overby is not eligible under the CARES Act, because he has a public safety factor as a sex offender, and he has an Adam Walsh Conviction. United States Probation was informed that to be eligible, he must have served at least 50 percent of his sentence or have 18 months or less to serve out. Mr. Overby has been incarcerated for approximately 10 months of an 80-month sentence. He does not meet the time served criteria, but even if he did, due to the nature of the offense he would not be eligible.

That being said, it appears that Mr. Overby is in a facility where medical care is a priority. The Court finds he is at a facility that has provided care for his heart issues and can take good care of him should he get COVID-19 a second time and need it. Fortunately, he is currently housed in a location with zero COVID-19 cases.

The facility has adequately addressed Mr. Overby's medical needs. They have the capacity to refer him to a nearby hospital—UK Medical Center—if necessary. He has tested positive for COVID-19 once on May 8, 2020. He was asymptomatic and deemed recovered a few weeks later. The statements above also involve considerations of all the 18 U.S.C. § 3553(a) factors.

## CONCLUSION

Although the Court sympathizes with Mr. Overby's current medical condition, his Motion for Compassionate Release must be DENIED.

For the above stated reasons, **IT IS HEREBY ORDERED** that Mr. Overby's Motion to Reduce his Sentence [DN 47], is **DENIED.**

**IT IS SO ORDERED.**

**Thomas B. Russell, Senior Judge**
**United States District Court**

November 4, 2020

cc: Mitchell M. Overby
19579-033
Lexington Federal Medical Center
Inmate Mail/Parcels
P.O. Box 14500
Lexington, KY 40512
Pre Se