UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF KENTUCKY
PADUCAH DIVISION

UNITED STATES OF AMERICA

v.                                                                                    No. 5:19-cr-1-BJB

MITCHELL M. OVERBY

\* \* \* \* \*

MEMORANDUM OPINION & ORDER

Mitchell Overby is serving an 80-month prison sentence for attempting to transfer obscene material to a minor and possessing child pornography. Citing his failing kidneys and his deteriorating health more generally, Overby seeks compassionate release under 18 U.S.C. § 3582(c)(1)(A). But because Overby neither shows that extraordinary and compelling reasons warrant his release, nor explains why release is appropriate under the § 3553(a) factors, the Court denies his motion.

I.

Law-enforcement officers arrested Overby after learning that he possessed child pornography and had sent pornographic images and lewd messages to an undercover officer he believed to be a minor. Presentence Investigation Report (DN 37) at 4. A grand jury returned a two-count indictment charging Overby with attempt to transfer obscene material to a minor and possession of child pornography. Indictment (DN 13) at 1–2. Overby later pled guilty to both counts. PSR at 3. Each of these counts carries a maximum sentence of 10 years. 18 U.S.C. §§ 1470, 2252(a)(5)(B). The counts produced a sentencing-guideline range of 70 to 87 months' imprisonment. Sentencing Transcript (DN 45) at 30. The Court ultimately sentenced him to 80 months' imprisonment.[1] Overby currently resides at the Federal Medical Center in Lexington, Kentucky.

Overby first sought compassionate release in 2020, citing his medical condition related to his heart transplant and the presence of Covid-19 at FMC Lexington. Judge Russell concluded that these health concerns did not justify Overby's release. Memorandum Opinion (DN 54) at 5. Having served approximately 70% of his

---

[1] The probation office recommended an enhancement for possession of material that portrays "sadistic or masochistic conduct," PSR at 7, but Judge Russell determined that the enhancement did not apply, Sentencing Transcript at 29–30, 32–33.

sentence (assuming he receives good-time credit), Overby now moves *pro se* for compassionate release under § 3582(c). Motion (DN 59) at 1.[2]

## II.

District courts apply a "three-step inquiry" in considering a compassionate-release motion filed under § 3582(c)(1)(A). *United States v. Elias*, 984 F.3d 516, 518 (6th Cir. 2021) (quotation omitted). Release is appropriate only if (1) the prisoner shows that "extraordinary and compelling reasons warrant the [sentence] reduction," (2) the Court determines that "any sentence reduction is consistent with applicable policy statements issued by the Sentencing Commission," and (3) the prisoner "persuade[s] the district judge to grant the motion after the court considers the § 3553(a) factors." *United States v. McCall*, 56 F.4th 1048, 1054 (6th Cir. 2022) (en banc) (quotations omitted). Those factors include the prisoner's "history and characteristics, including his propensity to be a danger to the community upon release, as well as the nature and circumstances of his offense." *United States v. Sherwood*, 986 F.3d 951, 954 (6th Cir. 2021) (citing § 3553(a)(1)–(2)).

A prisoner also must exhaust any available administrative remedies before filing a motion for compassionate release. *See* § 3582(c)(1)(A). That is, he must submit a compassionate-release request first to the warden—even though recent changes in federal law allow a prisoner to proceed to court even if the warden fails to act. *See McCall*, 56 F.4th at 1054. "[A]n imprisoned person" may exhaust his remedies in two ways: he "may file a motion for compassionate release after (1) exhausting the BOP's administrative process; or (2) thirty days after the warden received the compassionate release request—whichever is earlier." *United States v. Jones*, 980 F.3d 1098, 1105 (6th Cir. 2020). Courts must enforce the requirement that a defendant exhaust his administrative remedies before filing a motion for compassionate release because doing so "serves valuable purposes (there is no other way to ensure an orderly processing of applications for early release) and because it is mandatory (there is no exception for some compassionate releases over others)." *United States v. Alam*, 960 F.3d 831, 832 (6th Cir. 2020).

---

[2] Overby also has filed a reply to the United States' response to his motion. In this reply, Overby asks the Court to consider "a term of probation or supervised release with or without conditions that does not exceed the unserved portion of the original term of imprisonment." Overby Reply (DN 65) at 1. Specifically, Overby requests that he be placed "on home incarceration for the duration of treatment, not to exceed the original sentence." *Id.* Courts may authorize home incarceration for a defendant "if the district court reduces a defendant's sentence under § 3582(c)(1)(A) to time served, it can impose a term of supervised release equal to the unserved time and order, as a condition of that supervised release." *United States v. Spencer*, No. 20-3721, 2020 WL 5498932, at *2 (6th Cir. 2020). This means that Overby's request for home incarceration depends on the Court granting his Motion for Compassionate Release, *see United States v. Colbert*, No. 3:10-cr-151, 2022 WL 2230681 (W.D. Ky. 2022), and necessarily fails because the Court denies his motion.

2

"As of today, the Sentencing Commission has not adopted a policy statement that applies when a 'defendant (as opposed to the Bureau of Prisons) files' a motion." *McCall*, 56 F.4th at 1054 (quotation omitted). Because Overby filed the motion, the Court may "skip step two." *United States v. Hampton*, 985 F.3d 530, 532 (6th Cir. 2021) (quotation omitted). "If either of the remaining prerequisites are lacking, [the] motion fails." *United States v. Roman*, No. 21-3718, 2022 WL 363866, at *2 (6th Cir. Jan. 7, 2022) (quotation omitted).

### III.

The Court denies Overby's motion because he failed to exhaust his administrative remedies before filing. But even if he had, release would be inappropriate. Overby argues that his personal health concerns constitute extraordinary and compelling reasons for his release or a sentence reduction. *See* Motion at 1. These health concerns are not extraordinary and compelling reasons that justify his release. And in any event, Overby's release would be unwarranted under the § 3553(a) factors.

### A. Exhaustion of Administrative Remedies

Overby had not exhausted his administrative remedies at the time of his filing. He sent his request on July 19, 2022. United States Response (DN 63) at 6. Warden David Paul received the request on August 9, 2022. *Id*. Overby again made the request by motion on July 29, 2022. *Id*. He failed to exhaust his administrative remedies because he did not wait thirty days after the warden received his compassionate release request. On August 12, 2022, the Warden replied that the request was being processed for further review. *Id*. at 6–7. But the Warden had not made any final decision regarding the request. *Id*. at 7. The exhaustion requirement is a mandatory condition for a motion for compassionate release to succeed. *Alam*, 960 F.3d at 833. And because "[n]othing in § 3582(c)(1)(A) suggests the possibility of judge-made exceptions," the Court must deny Overby's motion on the grounds that it failed to satisfy the exhaustion requirement. *Id*. at 834.

### B. Extraordinary and Compelling

Section 3582(c) doesn't define "extraordinary and compelling." So "in the absence of an applicable policy statement for inmate-filed compassionate-release motions, district courts have discretion to define 'extraordinary and compelling' on their own initiative." *Elias*, 984 F.3d at 519–20.[3] "Of course, an 'extraordinary and

---

[3] That discretion is not limitless, of course. *See e.g., McCall*, 56 F.4th at 1055 ("[N]onretroactive changes in sentencing law cannot be 'extraordinary and compelling reasons' that warrant relief.").

compelling reason' is one that is unusual, rare, and forceful." *McCall*, 56 F.4th at 1055.

Overby's motion doesn't establish that "extraordinary and compelling" reasons warrant his release. As noted above, Overby first sought compassionate release for medical reasons in 2020. First Motion (DN 47); Memorandum Opinion at 4. Both parties agree that Overby's health has worsened since Judge Russell denied his 2020 motion. Overby's kidneys are failing and he "will be in need of dialysis and a double kidney transplant in order to extend [his] life." Motion at 1; United States Response at 2. Kidney failure would amount to a serious medical problem, especially considering that he is a heart-transplant recipient and, according to a medical opinion, he will need another transplant within two years. United States Response at 5. Doctors had diagnosed Overby with his heart condition long before he was sentenced. *Id.* So the sentencing judge knew about the condition when he sentenced Overby and denied Overby's prior motion. Sentencing Transcript at 26; DN 54 at 4. Although an internal email from a BOP doctor indicates that Overby "would be best served as a release," neither the BOP nor the Government has represented as much to the Court. Sealed Ex. (DN 63-1) at 3. Overby's kidney and heart problems might have intensified, but the record does not contain evidence suggesting that Overby *must* be released so that he can receive treatment at his hospital of choice, or that the BOP's medical care at FCI Lexington is actually ineffective (as opposed to suboptimal). And "as long as the Bureau of Prisons is capable of caring for [an inmate's] medical needs, [an inmate] should serve out the balance of [his] sentence." *United States v. Goode*, No. 14-cr- 810-07, 2020 WL 58272, at *5 (S.D.N.Y. Jan. 6, 2020). So no extraordinary and compelling reasons warrant his release.

### C. Section 3553(a) Factors

Even if Overby had presented an extraordinary and compelling reason, release still would be inappropriate under the § 3553(a) sentencing factors. His motion doesn't discuss those factors at all, let alone give a "compelling case as to why the sentencing court's § 3553(a) analysis would be different if conducted today." *Sherwood*, 986 F.3d at 954. So Overby necessarily fails to "persuade the district judge to grant the motion after the court considers the § 3553(a) factors." *McCall*, 56 F.4th at 1054.

At any rate, the "relevant" § 3553(a) factors on balance weigh against Overby's release. *United States v. Jones*, 980 F.3d 1098, 1114 (6th Cir. 2020) (court needn't "specifically articulate its analysis of every single § 3553(a) factor" (cleaned up)).

*First*, the nature and circumstances of Overby's offense(s) are disturbing. They certainly counsel against a reduced sentence. According to the PSR, to which Overby apparently did not object, he had attempted to transfer obscene material to a minor and possessed child pornography. A United Kingdom undercover law-enforcement officer, posing as a 12-year-old girl online, engaged in conversation with Overby. PSR

at 3–4. During this conversation, Overby sent the undercover officer, who he believed to be a female minor, images related to sex toys, bestiality, his own genitals, and masturbation. Additionally, Overby sent several vulgar messages to this undercover officer. *Id.* He admitted that he shares pornographic images of girls he believes to be 16 years old with others. *Id*. at 4. A forensic analysis of Overby's cellular phone revealed "17 known files containing child pornography involving prepubescent minors, including an image of an identified minor victim with her vagina exposed and her arms [] tied behind her back." *Id*. at 4-5. Although Overby admitted to this criminal conduct and has since expressed contrition for his behavior,[4] this is serious criminal conduct that doesn't counsel in favor of early release.

*Second*, Overby has no prior criminal history. PSR at 8. This factor favors release. A lack of criminal history is, however, just one of the factors considered under § 3553(a).

*Third*, releasing Overby would "fail to reflect the seriousness of his offense, promote respect for the law, and provide just punishment for his offense." *United States v. Thomas*, No. 3:12-cr-119, 2022 WL 1421849, at *3 (W.D. Ky. May 5, 2022); § 3553(a)(2)(A). Attempt to transfer obscene material to a minor and possession of child pornography are serious crimes that endanger the most vulnerable among us. That is why Congress and the Sentencing Commission has instructed judges to impose strong sentences for those who engage in this predatory behavior. And Overby still has nearly two years left to serve. Federal Bureau of Prisons, *Find an Inmate*, https://www.bop.gov/inmateloc/ (last visited Jan. 24, 2023). Overby's projected release date is in August 2024.

*Fourth*, nothing in Overby's motion indicates he no longer poses a threat to others. As noted above, he specifically identified a local 12-year-old girl as an object of his sexual desire. He took steps to effectuate this desire, messaging the girl on numerous occasions and offering her mother childcare assistance. PSR at 5. This shows that Overby's conviction protects minors both in his community and online from further crimes he might commit and counsels against his release.

That nearly two years of Overby's sentence remains counsels against his release. Discharging Overby's sentence would disrespect the rule of law, suggest his offense is insignificant, and fail to afford adequate deterrence. § 3553(a)(2)(A)–(B); *Thomas*, 2022 WL 1421849, at *3 (releasing defendants who have served a fraction

---

[4] In his reply to the United States' response to his motion, Overby expressed that he "take[s] full responsibility for [his] actions and can guarantee that [he] will never again feel the urge to step out of line." Overby Reply (DN 65) at 2. He acknowledged that his crime "in fact harm[ed] many people," noting that he "pray[s] for the victims of crimes like [his]" and is "so sorry." *Id*. While Overby's apparent contrition and recognition of his wrongdoing might be heartening, these signs of remorse are nowhere near enough to justify his release.

of their sentence fails to reflect seriousness of offense); *United States v. Hill*, No. 11-20090-01, 2020 WL 7056098, at *2 (D. Kan. Dec. 2, 2020) (20% of sentence remaining).

In sum, Overby fails to show why the "court's initial balancing of the § 3553(a) factors" doesn't "remai[n] an accurate assessment as to whether those factors justify sentence reduction." *Sherwood*, 986 F.3d at 954.

## ORDER

Although Overby's health struggles certainly implicate serious concerns, so did the factors that justified his sentence in this case. Based on the record and the law governing compassionate release under 18 U.S.C. § 3582(c), the Court denies Overby's motion for compassionate release (DN 59).

Benjamin Beaton, District Judge
United States District Court

February 11, 2023